[1] Reported in 297 N.W. 744.
Defendant's demurrer to the complaint was overruled with the certificate that the question presented was important and doubtful. Defendant appeals.
The complaint alleges that the parties during the time mentioned therein were and now are husband and wife; that on December 24, 1939, plaintiff was a passenger in defendant's automobile driven by him over a highway in the state of Wisconsin, *Page 205 
near Amery; that defendant so negligently drove and controlled the car that it left the highway, bruising and injuring plaintiff externally and internally to her damage in the sum of $8,000.
The action is maintainable in Wisconsin, where it arose. Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822,48 A.L.R. 276. The statute there construed is substantially the same as 2 Mason Minn. St. 1927, § 8616. There was a vigorous dissent concurred in by three justices. It remains the law of Wisconsin. However, in 1906, prior to the decision in the Wait case, this court construed our married women's act, 2 Mason Minn. St. 1927, c. 72, particularly § 8616 thereof, and held in Strom v. Strom, 98 Minn. 427, 107 N.W. 1047,6 L.R.A.(N.S.) 191, 116 A.S.R. 387:
"A married woman cannot, either before or after a divorce, maintain a civil action against her husband for a personal tort committed by him against her during coverture."
She has the right to maintain suit against the husband for damage to her property by his tort. Gillespie v. Gillespie,64 Minn. 381, 67 N.W. 206. The decision in the Strom case has been adhere to, in 1920, by Drake v. Drake, 145 Minn. 388,177 N.W. 624, 9 A.L.R. 1064; in 1922 (an automobile injury action) by Woltman v. Woltman, 153 Minn. 217,189 N.W. 1022; and in 1935, by Patenaude v. Patenaude, 195 Minn. 523,263 N.W. 546. In Drake v. Drake the court called attention to the settled rule against the maintenance of a civil action by one spouse against the other except where permitted by statute. The legislature has thus far not seen fit to make any change.
But plaintiff contends the cause of action pleaded being transitory, and, having accrued in the state of Wisconsin, where it is maintainable, the rule of comity demands that it be enforced by the courts of this state. But the rule of comity does not prevail when opposed to a well-established law of the forum. And it appears to us that there is a well-established law of this forum that no wife can maintain a civil action against her husband for any *Page 206 
tort committed against her person, without regard to the place where the tort was committed. In three states where, under statutes substantially like our own, the law has been declared that a wife may not maintain an action for a tort committed against her by her husband, it has been held that she cannot there maintain such action even though maintainable in the state where the tort occurred: Kircher v. Kircher, 288 Mich. 669,286 N.W. 120; Mertz v. Mertz, 271 N.Y. 466,3 N.E.2d 597, 108 A.L.R. 1120; Poling v. Poling, 116 W. Va. 187,179 S.E. 604. We have been cited to no case, and have found none to the contrary. It may be noted that two justices dissented in the Mertz case, and that the legislature has since changed their statute permitting a wife to sue her husband for personal injuries inflicted upon her by the husband's tort.
This so-called public policy doctrine touching the right of a spouse to sue the other for torts inflicted is clearly recognized by the court in Buckeye v. Buckeye, 203 Wis. 248,234 N.W. 342, where it was held that though the plaintiff had been injured in the state of Illinois through the defendant's negligent operation of his automobile in which she was a passenger, and she thereby had acquired a cause of action, it was lost when she after the injury returned to her home in Wisconsin and married the defendant; so, notwithstanding the action was brought at their home in Wisconsin, it could not be maintained because in Illinois a wife cannot maintain a civil suit against her husband for his torts. Plaintiff cites with some assurance Miller v. J. A. Tyrholm Co. Inc. 196 Minn. 438,265 N.W. 324, but a reading of that decision will readily convince an open mind that it is not determinative of the question now presented. Where the law of the forum permits a wife to maintain a civil suit against her husband for personal injuries through his wrongful or negligent acts, there is no difficulty in the wife there suing if her cause of action is maintainable against the husband under the law of the state where the tort was committed. Dawson v. Dawson, 224 Ala. 13, *Page 207 
138 So. 414; Gray v. Gray, 87 N.H. 82, 174 A. 508, 94 A.L.R. 1404; Howard v. Howard, 200 N.C. 574, 158 S.E. 101; Forbes v. Forbes, 226 Wis. 477, 277 N.W. 112. In the last cited case it was deemed immaterial that the parties were domiciled in Illinois, where the wife could not maintain the suit. So if this action had been instituted in the courts of Wisconsin, defendant could not have urged that the suit could not be maintained because in Minnesota, their domicile, such a suit was not maintainable.
Plaintiff refers to Chubbuck v. Holloway, 182 Minn. 225,234 N.W. 314, 868, and Kertson v. Johnson, 185 Minn. 591,242 N.W. 329, 85 A.L.R. 1. But it is to be noted that each case was based on the survival statute in Wisconsin and that the cause of action was for death by wrongful act, which might be considered as involving property rights.
We are not unmindful of the fact that the growth of the motor vehicle traffic since the decision of Strom v. Strom, 98 Minn. 427,107 N.W. 1047, has multiplied the hazards to life and limb to which all are exposed. This makes it necessary for every owner of such vehicle to carry insurance against loss occasioned by the negligence of the one he permits to operate the same. If such owner be married, no doubt he desires that his wife and children should be protected against his or his agent's negligent operation of his automobile. The suit against him and his insurer by his wife or child who has been injured by the negligent operation of his car would not tend to any disturbance in the family relation. But these and other considerations are for the legislature. In Restatement, Conflict of Laws, § 612, the rule is stated that:
"No action can be maintained upon a cause of action created in another state the enforcement of which is contrary to the strong public policy of the forum."
We think there is a strong public policy in this state, as established by our decisions since Strom v. Strom, 98 Minn. 427,107 N.W. 1047. This policy is forcefully expressed where a wife was *Page 208 
charged with larceny from husband. State v. Arnold, 182 Minn. 313,235 N.W. 373.
The order is reversed.