ANNA PELOWSKI v. LOUIS FREDERICKSON AND ANOTHER,
d. b. a. FREDERICKSON IMPLEMENT COMPANY, AND
ANOTHER.
J. F. PAGE, SPECIAL ADMINISTRATOR OF ESTATE OF
JOHN A. PELOWSKI, THIRD-PARTY DEFENDANT.

116 N. W. (2d) 701.

August 3, 1962—No. 38,657.

*Padden & Dickel,* for appellants.
*Lyman A. Brink,* for respondent Pelowski.
*Ralph Foster* and *Gordon Hackman,* for respondent Page.

THOMAS GALLAGHER, JUSTICE.

Action to recover for personal injuries sustained by plaintiff, Anna Pelowski, in an accident wherein an automobile owned and driven by her husband, John A. Pelowski, in which she was a passenger, collided with a truck driven by defendant Leonard Brateng, and owned by defendants Louis Frederickson and Rolland W. Frederickson, doing business as Frederickson Implement Company.

Subsequent to the commencement of the action, defendants commenced a third-party action against J. F. Page as special administrator of the estate of John A. Pelowski, who met death in the accident, for indemnity or contribution if plaintiff should recover against them, on the ground that the decedent's negligence had been a proximate cause of the accident. The third-party defendant moved for summary judgment in his favor on the pleadings, and for dismissal of the third-party complaint against him, on the ground that in effect the third-party action constituted a suit by a wife against her husband contrary to numerous decisions of this court. The district court granted the motion on the ground that no justiciable issue was presented in the third-party action. In a memorandum made a part of its order, it certified that the issues in the case were doubtful and important. In addition, it set forth therein the following:

"* * * While the third party action here involved is one for contribution or indemnity, obviously the primary issue is whether or not spouse can sue spouse; for if this action can not be maintained, then the defendants as third party plaintiffs have no right to obtain contribution or indemnity.

\* \* \* \* \*

"Our Court has in a series of decisions steadfastly adhered to the common law doctrine of family immunity in suits inter se. * * * [Citing 32 Minn. L. Rev. 262, 282.]

"These decisions, and the fact that our Court has repeatedly stated that any change in the common law doctrine of marital immunity is properly a legislative rather than a judicial function, compelled this decision.

"* * * it is my candid opinion that the time has come when a re-examination of the validity of the rule of Strom v. Strom [98 Minn. 427, 107 N. W. 1047] should be made in the light of present modern day conditions."

The trial court also cited Kyle v. Kyle, 210 Minn. 204, 297 N. W. 744; and Shumway v. Nelson, 259 Minn. 319, 107 N. W. (2d) 531.

On appeal defendants and third-party plaintiffs contend that the reasons for the doctrine recognized by the trial court are not present here where the husband has died and the preservation of the marital relationship and family home is no longer involved, and that hence such doctrine should not be applied. They also rely on Minn. St. 573.01 which provides in part that a cause of action arising out of an injury to the person dies—

"* * * with the person against whom it exists, except a cause of action arising out of bodily injuries or death caused by the negligence of a decedent survives against his personal representatives."

■ At various times we have adhered to the common-law doctrine of marital immunity in suits between wife and husband. It is based upon the theory that such suits are contrary to public policy in that if permitted they would threaten the welfare of the home, endanger marital happiness, lead to marital discord, and otherwise threaten marital felicity. Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L. R. A. (N. S.) 191; Drake v. Drake, 145 Minn. 388, 177 N. W. 624, 9 A. L. R. 1064; Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022; Patenaude v. Patenaude, 195 Minn. 523, 263 N. W. 546; see, also, Note, 32 Minn. L. Rev. 262, 282; Annotation, 43 A. L. R. (2d) 632. Its application has been strictly limited in a number of our decisions. Thus, in Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438,

265 N. W. 324, it was held that a wife might bring an action against the owner of an automobile negligently driven by her husband for injuries she sustained while riding as a passenger therein, even though she could not have sued her husband directly therefor and even though the owner might subsequently have recourse against her husband for reimbursement for sums for which he was held liable. With respect to the contention that this would circumvent the marital-immunity doctrine, this court quoted with approval the language of Schubert v. Schubert Wagon Co. 249 N. Y. 253, 257, 164 N. E. 42, 43, 64 A. L. R. 293:

"* * * The master who recovers over against the servant does not need to build his right upon any theory of subrogation to a cause of action once belonging to the victim of the injury. A sufficient basis for his recovery is the breach of an independent duty owing to himself. The servant owes the duty to the master to render faithful service, and must answer for the damage if the quality of the service is lower than the standard."

In Albrecht v. Potthoff, 192 Minn. 557, 257 N. W. 377, 96 A. L. R. 471, it was held that the common-law rule denying the right of the wife to sue her husband for a tort should not be extended so as to prevent recovery by the administrator of a deceased daughter's estate against the husband whose negligence had caused her death, even though the wife, decedent's mother, would be the sole beneficiary if recovery were obtained. See, also, Shumway v. Nelson, 259 Minn. 319, 107 N. W. (2d) 531. For decisions in other than tort actions where the doctrine of marital immunity has not prevented suits between spouses, see Gillespie v. Gillespie, 64 Minn. 381, 67 N. W. 206; Baier v. Baier, 91 Minn. 165, 97 N. W. 671; Rich v. Rich, 12 Minn. 369 (468); Muus v. Muus, 29 Minn. 115, 12 N. W. 343; see, also, McCurdy, *Torts Between Persons in Domestic Relations,* 43 Harv. L. Rev. 1030, 1053; Note, 32 Minn. L. Rev. 262.

■ In other jurisdictions where this question has been considered, it has been held without exception that death of one of the spouses eliminates the basis for the marital-immunity doctrine since the danger of family discord or disharmony can no longer be urged as a ground

therefor. Long v. Landy, 60 N. J. Super. 362, 158 A. (2d) 728 (where the situation is analogous to that presented here); Johnson v. Peoples First Nat. Bank & Trust Co. 394 Pa. 116, 145 A. (2d) 716. Nor has the related doctrine of intrafamily immunity been held to bar a tort action by a minor against the representative of the estate of the deceased parent. Brennecke v. Kilpatrick (Mo.) 336 S. W. (2d) 68; Davis v. Smith (3 Cir.) 253 F. (2d) 286. In the Johnson case the court set forth the basis of such decisions as follows (394 Pa. 119, 145 A. [2d] 717):

" '* * * *the personal immunity which protects [the husband or wife] is based simply upon the policy of preserved domestic peace and felicity* * * *. In* * * we recently said: 'We have, however, recognized that the doctrine of intra-family immunity from suit by a member of the family expires upon the death of the person protected and does not extend to a decedent's estate for the reason that death terminates the family relationship and there is no longer a relationship in which the state or public policy has an interest. * * *' "

Based upon the principles expressed in the decisions cited, and in view of the fact that here death has intervened to forever circumvent all possibility of marital discord, we conclude that the third-party action should not be barred by the marital-immunity doctrine. No statute proscribes such an action and no prior decision of this court in analogous situations binds us to a contrary view. It would follow that the order appealed from must be reversed.

█ The third-party defendant contends, however, that under § 573.01 a cause of action for personal injuries must be shown to have survived a decedent and that since plaintiff had no cause of action against decedent here during his lifetime the present third-party action should likewise be held not to have survived. We do not so construe this section. It specifies clearly that a cause of action arising out of bodily injuries or death caused by the negligence of a decedent survives against his personal representatives. Here, the third-party action arose out of bodily injuries which it alleged were caused by the negligence of decedent during his lifetime. This cause of action is not dependent upon subrogation to the rights of decedent's surviving

spouse, but rather upon a claim of breach of decedent's duty to third-party plaintiffs. The court's reasoning in Schubert v. Schubert Wagon Co. 249 N. Y. 253, 257, 164 N. E. 42, 43, 64 A. L. R. 293, approved in Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 265 N. W. 324, while relating to the liability of an employee to his employer, would seem equally applicable here, where the third-party plaintiffs likewise have a sufficient basis for their action because of the breach of an independent duty owing to them by the decedent and hence need not base it upon any theory of subrogation to any cause of action of plaintiff against decedent. Accordingly, because third-party plaintiffs' cause of action survives under § 573.01, and because there is nothing in the doctrine of marital immunity which would bar recovery therein, we must hold that the order of the trial court be reversed with directions to proceed in accordance with this opinion.