OLIVIA POEPPING v. MILTON G. LINDEMANN AND OTHERS.
BERNARD H. POEPPING, SPECIAL ADMINISTRATOR OF
ESTATE OF BERNARD POEPPING, APPELLANT.

127 N. W. (2d) 512.

April 10, 1964—No. 39,143.

*Peterson, Bell & Converse* and *Willard L. Converse,* for appellant. *Quigley, Quigley & Murphy* and *Robert G. Johnson,* for plaintiff respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying appellant's motion for summary judgment and certifying the question of law as important and doubtful.

The Honorable Rol E. Barron states in his memorandum made a part of the order:

"The question presented is: May a surviving spouse maintain an action herself against the estate of a decedent spouse for his alleged negligence?

"It is settled that the Married Women's Act, M. S. A. 519 et seq. does not authorize tort actions by one spouse against another. Karalis v. Karalis, 213 M. 31.

"This case raises nothing beyond previous Minnesota decisions, except the effect of the survival statute, Sec. 573.01. Under similar statutes other jurisdictions have held that a wife's cause of action for a negligent tort does survive against the estate of her deceased husband; that intra-family immunity is no more than a procedural disability to sue; and that upon his death, the disability vanishes, and the cause of action which has existed may be maintained against his estate."

The proposition that a wife cannot sue her husband for damages caused by his negligence has been long established in Minnesota.[1] The rule applies to torts occurring before the marriage where action is commenced while the parties are husband and wife,[2] and to actions instituted after divorce for torts occurring while the marital relationship was in existence.[3] It has been considered so reflective of the public policy of the state as to prevent assertion of such a claim in the courts of Minnesota even where the tort occurred in a state permitting such suits.[4]

If injury inflicted by one spouse on the other does not give rise to a cause of action, the subsequent death of the person inflicting injury

[1]See, Woltman v. Woltman, 153 Minn. 217, 189 N. W. 1022.

[2]See, Patenaude v. Patenaude, 195 Minn. 523, 263 N. W. 546.

[3]See, Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L. R. A. (N.S.) 191.

[4]See, Kyle v. Kyle, 210 Minn. 204, 297 N. W. 744.

cannot create the basis for a claim for damages. A cause of action arising out of bodily injuries or death caused by the negligence of a decedent survives against his personal representative by virtue of Minn. St. 573.01, but that which never existed cannot be said to survive. On the other hand, if the spouse, while living, "has an immunity from liability as distinguished from a privilege of acting,"[5] a different result might follow. The rule barring suit by one spouse against another would not operate in favor of the representative of the estate of a deceased spouse unless the policy giving rise to the bar compels such a result.

These considerations bring us to an analysis of the relevant Minnesota decisions. In holding that a woman divorced from her husband could not sue him for a tort occurring during coverture, this court held implicitly that the tort did not give rise to a cause of action. Strom v. Strom, 98 Minn. 427, 107 N. W. 1047, 6 L. R. A. (N.S.) 191. Were it otherwise, the severance of the marital relation should have lifted the bar to suit. It can be argued, as plaintiff does, that to permit suit after divorce, but not before, would be to undermine the public policy served by stability of the marriage relationship. But this consideration, while adequate to justify the result in the Strom case, was not mentioned in the opinion as a reason for it. On the other hand, the court in the Strom case did not deal expressly with the distinction between the absence of cause of action and a bar to its assertion.

In Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 265 N. W. 324, decided in 1936, 30 years after the Strom case, the court was called upon to consider whether a wife, injured by her husband's negligence while driving the automobile of a third person, with his consent, could recover from the latter. The claimed liability of the owner was based on L. 1933, c. 351, § 4, (Minn. St. 170.54) providing that when a motor vehicle is operated "by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, *be deemed the agent* of the owner of such motor vehicle in the operation thereof." (Italics supplied.) The

---

[5]Restatement, Agency, § 217(2), *comment b.*

effect of the statute, as stated in Karalis v. Karalis, 213 Minn. 31, 4 N. W. (2d) 632, was to create the relationship of principal and agent between the owner of an automobile and the person driving it with his consent. Because in such case the principal's liability is vicarious only,[6] the determination made in Miller that the wife could assert a cause of action against the owner, "deemed" (because of the statute) to be the principal of her husband, is inconsistent with the theory that the doctrine of marital immunity prevents a cause of action from arising when one is injured by the other. And although a distinction is to be noted between a case where one is "deemed" the agent of another because of statutory directive and a case where the agency exists in fact, the reasoning of the court in the Miller case suggests that the difference, while recognized, was not the basis for decision. In support of its conclusion, the court quoted (196 Minn. 445, 265 N. W. 327) Restatement, Agency, § 217, which reads:

"(2) A master or other principal is not liable for acts of a servant or other agent which the agent is privileged to do although the principal himself would not be so privileged; but he may be liable for an act as to which the agent has a personal immunity from suit.

"*Comment*:

\*    \*    \*    \*    \*

"*b*. If a principal has a personal privilege which cannot be shared by another, he cannot of course confer this privilege upon an agent so as to escape liability for the agent's act. \* \* \* if an agent has an immunity from liability as distinguished from a privilege of acting, the principal does not share the immunity. Thus, if a servant, while acting within the scope of employment, negligently injures his wife, the master is subject to liability."

The court also cited (196 Minn. 443, 265 N. W. 327) with apparent approval McLaurin v. McLaurin Furniture Co. 166 Miss. 180, 191, 146 So. 877, 879, where it was said with respect to the right of a wife to recover damages for tort from her husband:

_____

[6]Melady v. South St. Paul Live Stock Exchange, 142 Minn. 194, 171 N. W. 806.

"* * * She is merely denied a remedy; this does not destroy the right of action against the master."

Reference was also made (196 Minn. 443, 265 N. W. 327) to Chase v. New Haven W. M. Corp. 111 Conn. 377, 382, 150 A. 107, 108, where it was stated:

"* * * Public policy may exempt the husband or parent from an action by the wife or child directly against him for his negligent act. There is no rule of law and no public policy which would exempt the employer."

We note, too, that in the Miller case (196 Minn. 442, 265 N. W. 326) the court apparently agreed with that part of the decision in Schubert v. Schubert Wagon Co. 249 N. Y. 253, 256, 164 N. E. 42, 43, 64 A. L. R. 293, where it is stated with respect to an injury to a wife caused by her husband:

"* * * A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity."

The Miller case does not specifically overrule the Strom case but the implicit premise of the earlier decision (i.e., that the injury to the wife gave rise to no cause of action in her favor) was in effect rejected by so much of the opinion in the Miller case as treats the principle of marital immunity as a bar to the assertion of the cause of action against the tortfeasor but not as a bar to a cause of action against one held in law to be responsible for the conduct of the person causing injury.

In neither the Strom case nor the Miller case was the court dealing specifically with the question of whether a cause of action arising out of bodily injury or death could be asserted against the estate of a person who, if living, would be immune from suit by reason of the marriage relationship. In Shumway v. Nelson, 259 Minn. 319, 107 N. W. (2d) 531, followed in Nelson v. Home Decorating Co. 260 Minn. 121, 109 N. W. (2d) 154, it was held that a trustee asserting a cause of action under Minn. St. 573.02 for wrongful death could recover

against the estate of the husband of the deceased. Although not directly in point, this decision is of some significance in view of the italicized language of Minn. St. 573.02, subd. 1, which provides in part:

"When death is caused by the wrongful act or omission of any person or corporation, the trustee * * * may maintain an action therefor *if the decedent might have maintained an action, had he lived,*[7] for an injury caused by such wrongful act or omission." (Italics supplied.)

Whatever doubt might remain on this point would seem to have been settled by Pelowski v. Frederickson, 263 Minn. 371, 116 N. W. (2d) 701, holding that where a wife sued a third person whose negligence concurred with that of plaintiff's deceased husband to cause damage, third-party proceedings for contribution or indemnification were properly instituted by the defendant against the estate of the deceased husband.[8] This case is also authority for the proposition that a valid distinction is to be made between proceedings against an individual on the one hand and proceedings against his estate on the other

---

[7] "* * * [T]his clause refers to the facts and circumstances giving rise to the cause of action, as well as any facts or circumstances pertaining to any permissible defenses such as contributory negligence, rather than to the person by whom the action could be maintained.

"This conclusion is strengthened by the fact that upon death of one spouse the rationale of the marital-immunity doctrine loses whatever force it might otherwise have had. *Where the marriage has been terminated by death any danger of domestic discord arising from the enforcement of the action has, likewise, terminated.* We do not believe that we should ascribe to the legislature an intent to extend the intrafamily immunity doctrine to situations where its existence is without any reasonable justification." (Italics supplied.) Shumway v. Nelson, 259 Minn. 319, 322, 107 N. W. (2d) 531, 533.

[8] In Pelowski v. Frederickson, 263 Minn. 371, 375, 116 N. W. (2d) 701, 704, the court quoted with approval from Johnson v. Peoples First Nat. Bank & Trust Co. 394 Pa. 116, 119, 145 A. (2d) 716, 717, where it was said that "the doctrine of intra-family immunity from suit by a member of the family expires upon the death of the person protected and does not extend to a decedent's estate for the reason that death terminates the family relationship and there is no longer a relationship in which the state or public policy has an interest."

when we consider that in Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478, it was held that the doctrine of marital immunity precluded third-party proceedings for contribution in a situation identical except for the fact that the third-party defendant, husband of the plaintiff, was living at the time third-party proceedings were instituted.

We conclude that the decisions of this court since Strom v. Strom, *supra*, have moved "in line with the modern trend of judicial decision"[9] to the principle that the cause of action which arises when one spouse sustains personal injury by reason of the conduct of the other can be asserted against the estate of the latter. This was the basis of the trial court's decision which is affirmed.

Affirmed.

MR. JUSTICE MURPHY took no part in the consideration or decision of this case.

---

[9]See, Miller v. J. A. Tyrholm & Co. Inc. 196 Minn. 438, 445, 265 N. W. 324, 328.