ALFRED E. WHITE AND ANOTHER
v. ROY EDWIN JOHNSON.
MARY LOU URMAN v. ROY E. JOHNSON AND OTHERS.
CITY OF ST. PAUL, THIRD-PARTY DEFENDANT.

137 N. W. (2d) 674.

October 8, 1965—No. 39,644.

*Finley & Finley,* for appellants.

*Stephen L. Maxwell,* Corporation Counsel, and *Thomas J. Stearns,* Assistant Corporation Counsel, for respondent city.

Rogosheske, Justice.

Appeal from summary judgments dismissing third-party complaints against the city of St. Paul interposed by Roy E. Johnson after actions were brought against him by Mary Lou Urman, Alfred E. White, and his wife, Eva White.[1]

---

[1] In the action brought by Mary Lou Urman, appellant Mary Johnson, the wife of Roy E. Johnson, was joined as a defendant upon the allegation that she was part owner of the truck involved in the collision which gave rise to the actions. For the purposes of disposing of this appeal the defendants are treated jointly without distinguishing between them.

The actions arose out of a three-car collision which occurred during the early morning hours of April 7, 1962, upon Warner Road in the city of St. Paul. A truck driven by Mr. Johnson collided head on with an automobile driven by Mr. White in which his wife was a passenger, and thereupon the White car veered from its lane of travel and collided with an automobile driven by Mary Lou Urman. Three separate actions claiming damages for personal injuries were commenced against Johnson. Thereafter, he served third-party complaints in each action upon the city alleging that the city "negligently maintained, controlled, and operated" the highway and praying for judgment against the city "for all sums that may be adjudged against" him.

The third-party actions were instituted under a written notice of claim, which Johnson served upon the city on May 8, 1962, and supplemented on May 24, 1962. In neither notice did he expressly claim damages for injuries suffered by anyone except himself. His notices identified the time, place, and circumstances of the accident and asserted that the city was negligent in the manner in which it "painted the dividing lines on the pavement to separate the various lanes of traffic" and because of inadequate "warning signs"; that he suffered personal injuries, "the extent of which have not yet been determined," and property damage to his automobile of $750 as a result of such negligence; and that he therefore "makes claim against the City * * * for the damages which have resulted and will result in the future as a result of the accident." None of the plaintiffs who brought action against Johnson served notice of claim against the city.

After the pleadings were closed, the actions were consolidated for trial upon separate motions of both the city and Johnson. Thereafter the city moved for summary judgment on the ground that none of the plaintiffs served a notice of claim for damages as required by Minn. St. 1961, § 465.09, and that since the "City cannot be liable to said plaintiffs directly * * * [it] cannot be liable in contribution or indemnity to [Johnson]." The court granted the motion and this appeal is taken from the several judgments entered.

An examination of the motion for summary judgment and supporting affidavits indicates that the narrow issue presented to the trial court

was whether a third-party claim for contribution or indemnity may be preserved against a municipality by giving sufficient statutory notice notwithstanding the absence of any notice by the plaintiffs.

The motion did not raise the issues of the timeliness of the notice, whether the time, place, and circumstances were sufficiently detailed, or whether the notice sufficiently described the nature of Johnson's derivative claims. Presumably these issues, if they exist, will be litigated later if the court erred in granting the city's motion for summary judgment.

■ Although there are decisions in other states holding that actions for contribution or indemnity may be maintained against a municipality despite noncompliance with statutory provisions requiring prior notice or presentation of claims against a municipality,[2] we have held that the failure to give timely notice as required by our notice of claim statute, Minn. St. 1961, § 465.09, precluded an action for indemnity against a municipality. American Auto. Ins. Co. v. City of Minneapolis, 259 Minn. 294, 107 N. W. (2d) 320. In that case the insurance company made a settlement of an action against its insured property owner for damages sustained by a person injured in a fall at a point where a private ramp met a defective city sidewalk. The injured party did not give notice of a claim against the city and neither did the property owner or its insurance company until after the settlement was made, some 3 years after the injury occurred. We held that the action involved a claim for injury based on negligence, not contract, and that the failure to give notice within 30 days of injury as required by § 465.09[3] "prevented any liability on the part

---

[2] Valstrey Serv. Corp. v. Board of Elections, 2 N. Y. (2d) 413, 161 N. Y. S. (2d) 52, 141 N. E. (2d) 565; Minneapolis, St. P. & S. S. M. R. Co. v. City of Fond du Lac (7 Cir.) 297 F. (2d) 583, 93 A. L. R. (2d) 1378.

[3] Minn. St. 1961, § 465.09, provided: "Every person who claims damage from any city, village or borough for or on account of any loss or injury sustained by reason of any defect in any bridge, street, sidewalk, road, park, ferry boat, public works or any grounds or places whatsoever, or by reason of the negligence of any of its officers, agents, servants or employees, shall cause to be presented to the common council or other governing body within 30 days after the alleged loss or injury, a written notice stating the time, place and circumstances thereof, and the amount of compensation or other relief demanded. Failure to state the amount of compen-

of the city from existing." 259 Minn. 298, 107 N. W. (2d) 323. This result was necessarily based upon our conclusion that the wording of the statute applicable to this case is broad and inclusive and that notice is a prerequisite to maintaining an action for indemnity or contribution against a municipality even though such a claim is contingent at the time notice is required to be served. The opinion left open the question, however, whether the action could have been maintained had timely notice been given.

■ Before reaching the ultimate question, whether the notice statute permits a defendant in an action to preserve his third-party claims by giving notice himself, the nature of those claims must be examined. Under his third-party complaint, Johnson would be entitled to prove that the city owed him recovery for either contribution or indemnity. Upon the record before us, the facts are not sufficiently revealed to determine whether either claim in fact exists; thus, we can only determine whether a claim for contribution or indemnity or both might possibly be proved upon trial and, if so, whether either claim or both can be preserved against the city by the notice given.

Indemnity and contribution are both remedies based on equitable principles to secure restitution to one who has paid more than his just share of a liability. They contemplate different measures of recovery, for indemnity secures entire reimbursement and contribution requires equal sharing. Disregarding those situations where a right to indemnity stems from contract, or because one party is only vicariously liable, or be-

---

sation or other relief demanded shall not invalidate the notice; but in such case, on demand by the city, village or borough, the claimant shall furnish full information regarding the nature and extent of the injuries and damages, within 15 days after such demand. No action therefor shall be maintained unless such notice has been given; and unless the action is commenced within one year after such notice. The time for giving such notice shall not include any period of time next succeeding the occurrence of the injury and not in excess of 90 days during which the person injured is incapacitated from giving such notice by reason of the injury sustained."

The present statute, broadened in scope to cover liability for torts, but requiring substantially the same notice, is Minn. St. 466.05 (L. 1963, c. 798, § 5).

cause one party followed the directions of another, whether indemnity or contribution possibly lies in this case depends on the conduct of the two wrongdoers and the relative culpability of their actions.[4]

It has been held that a right to indemnity lies when the indemnitee has become liable to a plaintiff only because the indemnitee was negligent in failing to discover a condition created by the negligence of another.[5] In that situation it is said that the indemnitor committed the primary negligence, the indemnitee only secondary negligence, and that therefore the indemnitor must bear the entire amount of plaintiff's recovery. Although we are unable to make any judgment as to whether such a situation exists here, the facts in the record can be expanded to support such a claim if it is shown that Johnson's sole negligence lay in failing to discover the double set of dividing lines, and that the manner in which the city "painted the dividing lines on the pavement" and its inadequate "warning signs" was negligence on the part of the city.

Drawing all inferences in favor of the party against whom summary judgment is moved, we are compelled to conclude that Johnson may be able to make out a claim for indemnity. On the further assumption that the notice given was timely and sufficient to apprise the city of his derivative claim for indemnity, this alone precluded granting summary judgment and it was error to do so.

■ But, depending on the facts proved, it is quite likely that Johnson may only be able to make out a claim for contribution. This will occur if it is established that the city's negligence concurrently rather than primarily caused the accident. This conclusion leads us to the most difficult question, which will undoubtedly confront the trial court on remand, namely, whether a defendant may maintain a claim for contribution against a municipality absent notice by the injured plaintiff.

We are met at the outset by the principle that a personal defense by

---

[4] Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 104 N. W. (2d) 843; Note, 37 Minn. L. Rev. 470.

[5] Hanson v. Bailey, 249 Minn. 495, 83 N. W. (2d) 252; Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 167 N. W. 800; Waylander-Peterson Co. v. G. N. Ry. Co. (8 Cir.) 201 F. (2d) 408, 37 A. L. R. (2d) 1399.

one joint tortfeasor against the injured plaintiff is good against a claim for contribution by another defendant because where there is no joint liability there is no right to contribution.[6] The city thus contends that because the plaintiffs never served notice on the city, no liability to them can exist and therefore Johnson has no claim for contribution, whether or not he serves notice.

We do not agree that the principle is applicable here, because of the difference between this case and the cases upon which the principle is based. In the cases in which the principle has been applied, the tortfeasor against whom contribution is sought escaped because of a special relationship between himself and the injured plaintiff. For instance, a husband, even though a joint wrongdoer, cannot be required to contribute to the damages of his wife.[7] Nor may a joint tortfeasor father be required to contribute to the damages sustained by his son.[8] The Workmen's Compensation Act provides that it shall be the sole means of recovery between employer and employee, thereby preventing any common liability between employer and a third party from arising.[9] In those cases the favored parties are the beneficiaries of personal defenses based upon well-established public policies, none of which is possessed by the city in this case. Whether the policy of exempting the husband or parent from action by the wife or child is expressed in terms of the absence of common liability to the injured plaintiff or otherwise, the decisive factor is the special relationship which gives rise to the policy. In Koenigs v. Travis, 246 Minn. 466, 75 N. W. (2d) 478, contribution was denied where the party against whom contribution was sought had married the injured plaintiff between the time her cause of action arose and the time defendant asserted his right to contribution. Arguably, that case is a controlling precedent if it is to be construed as holding that common liability in all cases must be present at the time the action for contribu-

---

[6] E. g., American Auto. Ins. Co. v. Molling, 239 Minn. 74, 57 N. W. (2d) 847.

[7] Ibid.

[8] London Guarantee & Acc. Co. Ltd. v. Smith, 242 Minn. 211, 64 N. W. (2d) 781.

[9] Lunderberg v. Bierman, 241 Minn. 349, 63 N. W. (2d) 355, 43 A. L. R. (2d) 865.

tion is instituted. Clearly, however, it involved the public policy of marital immunity so firmly established in this state that we have applied it in preference to our usual conflicts-of-law rule in personal injury actions occurring outside this state.[10] Where the husband met death in the accident, so as "to forever circumvent all possibility of marital discord," as in Pelowski v. Frederickson, 263 Minn. 371, 375, 116 N. W. (2d) 701, 704, we have allowed a defendant seeking contribution to maintain an action therefor against the husband's estate. Thus, implicit in Koenigs is the conviction that the equitable principles upon which contribution is based should not be applied in such a way as to cause, although indirectly, an assault upon the public policy embodied in the doctrine of marital immunity in those cases where the basis underlying its application exists.

Our statute requiring notice does two things. It compels notice to a municipality, but it also destroys the municipality's common-law immunity from liability for negligence in the maintenance of its streets and public grounds. Thus the statute concurrently creates a duty upon the municipality to use due care and a right against the municipality on the part of any person damaged because of a breach of that duty. We have here, then, a right and a duty preexisting the injury.

The city nevertheless argues that notice by the plaintiffs was a necessary ingredient of their causes of action, and since no notice was given, no liability upon the city's part was created. Although in Szroka v. Northwestern Bell Tel. Co. 171 Minn. 57, 213 N. W. 557, 59 A. L. R. 404, we did state in passing that without notice there is no cause of action against a municipality, the language there used was perhaps too broad to express the simple point to be made that the notice requirements of a city charter should not be circumvented by special laws passed by the legislature. The more precise characterization of the notice requirement is that it is a condition precedent to bringing suit for the practical purpose of quickly informing a municipality of injuries for which it might be liable.[11] Conceptually, the giving of notice is an essential element of the

---

[10] See, Kyle v. Kyle, 210 Minn. 204, 297 N. W. 744.

[11] See, Ackeret v. City of Minneapolis, 129 Minn. 190, 151 N. W. 976, L. R. A. 1915D, 1111.

cause of action, but realistically, because of the preexisting right and duty, liability is created at the instant the tort is committed. The city is then subject to a liability, and it is no more unexpected that a city might settle a claim before the giving of notice than that private parties might settle before commencement of suit. We have held that a covenant not to sue secured by one wrongdoer does not destroy the common liability necessary for contribution.[12] And the majority of the courts hold that running of the statute of limitations against one defendant on the plaintiff's claim does not bar a suit for contribution against him.[13] The reasoning underlying these decisions is that joint liability arises the moment the tort is committed and these defenses come into being after the conduct which creates that liability.[14] Moreover, since the right to recover contribution is based on equitable principles and has the objective of compelling joint wrongdoers to share responsibility for damages inflicted by their tortious acts, the conduct of the person from whom contribution is sought ought to control the right to maintain the action. The objective of contribution has equal validity where one of the tortfeasors is a municipal corporation. To permit a personal defense against the injured plaintiff to destroy the right to contribution from a municipality under the circumstances disclosed in this case would not only frustrate the basic aim of permitting recovery between participating tortfeasors but would deny third-party rights against a municipality where the statute creating it neither expressly nor by fair implication so intends.

We are of the opinion that these reasons are applicable to a statute making notice a condition precedent to bringing suit. Accordingly, we hold that the right to recover contribution is not defeated by the failure of the plaintiffs to give notice to the city.

■  Inasmuch as Johnson may possibly establish a claim for indemnity

[12] Employers Mutual Cas. Co. v. Chicago, St. P. M. & O. Ry. Co. 235 Minn. 304, 50 N. W. (2d) 689.

[13] E. g., Ainsworth v. Berg, 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911; 18 Am. Jur. (2d) Contribution, § 14. See, also, Gustafson v. Johnson, 235 Minn. 358, 364, 51 N. W. (2d) 108, 112.

[14] See, Note, *Contribution and Indemnity Among Tortfeasors in Minnesota,* 37 Minn. L. Rev. 470.

and more likely for contribution, we reach the question of whether the notice given preserves those rights.

The city appears to argue that the language of § 465.09 should be construed to require notice from the injured person personally. We believe such a construction would be unwarranted and unfair. The statute contains no such requirement expressly or by fair implication. Rather its broad language indicates that any person may claim damages for any loss occasioned by negligence.[15] At the very least it does not exclude a claim for indemnity or contribution against the city as a joint tortfeasor. The purpose of the statute is to enable the municipality to promptly investigate, while witnesses are available and before conditions have changed, to ascertain the existence and extent of any liability in order to prevent needless litigation by settlement of meritorious claims.[16] Obviously, this purpose is served as well by notice from a joint wrongdoer as from an injured party. Further, to hold that one seeking indemnity or contribution could not give effective notice would make his rights thereto dependent upon the whim of the injured person. Such a result would contradict the theory underlying modern third-party practice. As a defendant is permitted under Rule 14.01, Rules of Civil Procedure, to bring an indemnitor or a contributor into a lawsuit, so he should be permitted to notify a municipality of an injured party's claim against him and thereby preserve the rights granted him under the Rules to litigate such a third-party claim before judgment is rendered in the main action.

It is true that defendant Johnson's notice was apparently intended only to indicate a claim for injury to himself and his property. However, this goes to the sufficiency of the contents of the notice and not to the narrow issue of whether a third-party defendant rather than the injured third person is authorized to serve the notice and thus provide the foundation necessary to maintain an action for contribution or indemnity. As previously noted, the city does not here challenge the sufficiency of the no-

---

[15] Cf. Gustafson v. Johnson, 235 Minn. 358, 51 N. W. (2d) 108.

[16] E. g., American Auto. Ins. Co. v. City of Minneapolis, *supra;* Ackeret v. City of Minneapolis, *supra;* Terryll v. City of Faribault, 84 Minn. 341, 87 N. W. 917.

tice. It may well be that the investigation provoked by the notice did reveal the injury to the third parties and their claims against defendant Johnson as well as his prospective third-party claim against the city.

When we look to the elements of Johnson's claim for indemnity, we find a further reason why his sole notice is adequate. If established, this claim will include the element of a breach of duty to himself, independent of any duty owed to plaintiffs.[17] Since he must rely on this element, coupled with the requisite relationship of negligent acts, it is most appropriate that he present the notice.

It follows that under the record before us, and upon the assumption that the notice was timely and sufficiently detailed, we must hold that it did preserve whatever third-party rights Johnson has against the city even though the injured parties personally failed to assert any claims and their failure necessarily bars them from personally maintaining any action for loss or injury.

Accordingly, the judgments entered must be vacated and the causes remanded for further proceedings without prejudice to the city's right to challenge either the timeliness or sufficiency of the notice.

Reversed and remanded.

OTIS, JUSTICE (dissenting).

I have great difficulty in understanding how the claim asserted by Roy E. Johnson against the city for his own injuries is sufficient under Minn. St. 1961, § 465.09, to constitute notice of entirely different causes of action arising out of injuries to Alfred White, Eva White, and Mary Lou Urman, none of whose claims is remotely suggested in the notice which the city received. If the purpose of the statute is to be served, it seems to me that within the prescribed 30 days it was the duty of Roy Johnson to alert the city to the derivative claims which might be asserted against it, however tentative they might have been at the time the notice was served. The fact that the third-party action for indemnity or contribution had not yet matured does not remove the prejudice which

---

[17] See, Hendrickson v. Minnesota Power & Light Co. *supra;* Lunderberg v. Bierman, *supra;* Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. *supra.*

accrues to the city in failing to be apprised of the likelihood of three additional claims against it, concerning which the notice is silent. The fact that these claims might have been contingent and unasserted is not an unsurmountable impediment to notice but is consistent with our practice of permitting third-party plaintiffs to litigate their right to indemnity or contribution in the main action before such causes of action are actually ripe.

■  A more serious obstacle to recovery, I believe, is the fact that the majority opinion authorizes an action for indemnity or contribution against a party who cannot under any circumstances be held liable to the principal plaintiffs. This holding directly contravenes the rules heretofore enunciated by this court as I construe them. All of the cases dealing with indemnity involve third-party defendants who themselves were initially liable to the principal plaintiffs.[1] I find no case which permits recovery for indemnity in the absence of such liability, albeit some involve barring of recovery by virtue of the running of the statute of limitations or the execution of a covenant not to sue.

In the instant case I respectfully submit that under Minnesota law no cause of action ever arose against the city. Szroka v. Northwestern Bell Tel. Co. 171 Minn. 57, 59, 213 N. W. 557, 558, 59 A. L. R. 404, disposes of this question in the following language:

"When a statute or charter requires that a notice of injury be given the municipality *the giving of such notice is an essential part of the cause of action. Without it there is no cause of action.* * * * [Citations omitted.] The notice is not a statute of limitation." (Italics supplied.)

The majority opinion takes the position that contribution against the city is justified since there was "a right and a duty preexisting the injury" which distinguishes it from other contribution cases where recovery was denied because the third-party defendant was at no time liable to the principal plaintiffs. We have expressly rejected this contention, however,

---

[1] "* * * Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties." Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 371, 104 N. W. (2d) 843, 847.

in Koenigs v. Travis, 246 Minn. 466, 479, 75 N. W. (2d) 478, 487, where under almost exactly the same circumstances the original defendant was initially liable to the original plaintiff at the time of the accident but the plaintiff was ultimately barred from recovering because after the accident she married the principal defendant. This is a precise·parallel to the instant case, even as viewed in the majority opinion which takes the position that the city was initially liable and only insulated from ultimate liability by the principal plaintiff's failure to serve notice. In my judgment the Koenigs case is indistinguishable although, as I have indicated, under the Szroka decision I am of the opinion there was no liability on the part of the city at any stage of the proceedings in the absence of timely notice by the principal plaintiffs.

Finally, as I construe American Auto. Ins. Co. v. City of Minneapolis, 259 Minn. 294, 296, 107 N. W. (2d) 320, 322, we have passed on the identical question at hand where the principal defendant sought indemnity against the city but the principal plaintiff had neglected to serve notice or file a claim against the city. With the insertion of the bracketed material to indicate what I understand that opinion to mean, it reads as follows (259 Minn. 298, 107 N. W. [2d] 323):

"* * * In the instant case failure [of Mrs. Nelson] to serve notice on the city within 30 days after the injury to Mrs. Nelson prevented any liability [to her] on the part of the city from existing. It follows that the city cannot be held liable to the party who has paid her since no liability [to her] exists from which indemnity may flow."

I submit that no other construction of the American Automobile holding is possible without rendering the second sentence of the quotation wholly redundant.

For the foregoing reasons I respectfully submit that the trial court was correct in granting summary judgment to the city, and I would therefore affirm.