Benjamin J. BRINKS, individually and as Administrator of the Estate of Steven D. Brinks, Deceased, Plaintiff,

v.

The CHESAPEAKE AND OHIO RAILWAY COMPANY, a Virginia corporation, Defendant and Third-Party Plaintiff,

v.

Benjamin J. BRINKS, Administrator of the Estate of Gertrude Ann Brinks, Deceased, Third-Party Defendant.

Civ. A. No. 5495.

United States District Court

W. D. Michigan, S. D.

Feb. 4, 1969.

Warner, Norcross & Judd, Wallson G. Knack, Grand Rapids, Mich., of counsel, for Benjamin J. Brinks.

Paul O. Strawhecker, Grand Rapids, Mich., Robert A. Straub, Detroit, Mich., for Chesapeake and Ohio Railway Co.

## OPINION

FOX, District Judge.

Plaintiff brings this action individually and as administrator of the estate of Steven D. Brinks, alleging negligence of defendant proximately causing damages in the amount of $150,000. The action arises from an accident where plaintiff's decedent and decedent's mother were killed in a collision with defendant's train. The facts are recited in more detail in the mother's case, C.A. 4702, W.D.Mich., aff'd 398 F.2d 889 (6th Cir. 1968).

Defendant has asserted various affirmative defenses, a counterclaim, and a third party complaint:

*Affirmative Defenses:*

A. As to Benjamin Brinks, Administrator of the Estate of Steven:

(1) Gertrude Brinks' negligence was the sole proximate cause of the accident.

B. As to Benjamin Brinks, individually:

(1) Gertrude Brinks' negligence was the sole proximate cause of the accident.*

(2) Gertrude Brinks' subsequent negligence was the sole proximate cause of the accident.*

(3) The negligence of Gertrude Brinks is imputed to Benjamin Brinks, the owner of the motor vehicle, under M.S.A. 9.2101.*

(4) Benjamin Brinks was negligent in entrusting the operation of the automobile to Gertrude Brinks.

Counterclaim:

This is against Benjamin Brinks, individually, and realleges A(1), A(2), and B(4) above, and then claims that Benjamin Brinks, as Administrator, is a joint tortfeasor with the defendant and also individually is a joint tortfeasor with defendant in Civil Action No. 4702.

*Third Party Complaint:*

This is against Benjamin Brinks, as Administrator of the Estate of Gertrude Brinks, and claims that the negligence and subsequent negligence of Mrs. Brinks was a proximate cause of the accident and therefore if any judgment is recovered against the railroad, her estate is to be treated as a joint tortfeasor.

Plaintiff has moved to strike each of the affirmative defenses, summary judgment as to B(4), to dismiss the counterclaim and for summary judgment as to negligent entrustment, and to dismiss

---

* Defendant has agreed to drop defenses A(2), B(1)–(3).

the third party complaint. Four issues are raised by plaintiff's motions. Each issue is stated, answered, and the proper disposition made of the relevant motions of plaintiff.

    1. Whether defendant may assert an affirmative defense that the negligence of Mrs. Gertrude Brinks was the sole, proximate cause of the accident.

The sole issues in this case are whether the defendant was negligent, whether that negligence was a proximate cause of plaintiff's injuries, and the amount of plaintiff's damages, if any.

■ The negligence of the mother is not an issue in the case (except as to contribution, which will be tried as a separate issue—see infra). The child is suing the railroad, and the mother's negligence, if any, may not be imputed to the child. Elbert v. City of Saginaw, 363 Mich. 463, 482, 109 N.W.2d 879 (1961).

■ The court will permit all evidence that it relevant to the issues in the case, as mentioned above. It will not permit, however, the attempt by defendant to try the issue of the mother's negligence rather than its own. Such a complexity of issues is likely to be very confusing to the jury, if not downright prejudicial.

■ As Justice Eugene Black stated in Conners v. Benjamin I. Magid, Inc., 353 Mich. 628, 91 N.W.2d 875, 878, 67 A.L.R.2d 1001:

    "Defendants apparently labor under some misapprehension regarding effect of the father's action or inaction as a causative force. The right of action considered here belongs to the infant plaintiff; no one else. No question of contributory negligence is open to defensive or other consideration. What the father did or did not do is quite irrelevant, the now refined issue being whether it was shown—by a clear preponderance of the evidence —that defendants' [negligence] * * constituted the, or one of the, proximate causes of plaintiff's injuries."

■ As Justice Black said further in Elbert, supra: "[T]he studied injection into this child's case of the subject of parental fault, contributory or otherwise, constitutes reversible error." 109 N.W. 2d at 888.

For all these reasons, plaintiff's motion to strike affirmative defense A(1) is hereby granted.

    2. Whether defendant has alleged enough facts, which, if proved, would permit a jury to find Benjamin J. Brinks, individually, guilty of negligent entrustment and therefore barred from recovery by the defense of contributory negligence and liable for contribution, as a joint tortfeasor.

Defendant alleges that Benjamin Brinks negligently entrusted the automobile to his wife, and is therefore barred from recovery as an individual due to contributory negligence and liable to contribution to any damages received as administrator. Plaintiff moves for summary judgment under Rule 56, alleging that even if all facts pleaded were proved, no negligent entrustment could be shown.

■ As a matter of law, proof of negligent entrustment requires establishing two things: (1) that Mrs. Brinks was an incompetent, reckless or careless driver and likely to cause injuries to others in the use of the automobile; (2) that Mr. Brinks knew these facts. Tanis v. Eding, 265 Mich. 94, 96, 97, 251 N.W. 367 (1933); Perin v. Peuler, 373 Mich. 531, 536, 130 N.W.2d 4 (1964).

■ Assuming defendant could prove knowledge, what facts does it allege make Mrs. Brinks an incompetent and likely to injure others? (1) Three years before the accident Mrs. Brinks was ticketed for speeding and driving without a license; (2) at the time of the accident Mrs. Brinks' license had expired eleven months before. Defendant admits in a memorandum filed December 2, 1968, that no additional facts relative to incompetency have been found.

The prior ticket and the expired license are simply not enough to prove incompetency as defined in Michigan. If an isolated past instance is to be used to show incompetency, it must be a much more serious one than speeding or driving without a license.

Therefore, plaintiff's motion should be granted and all claims of negligent entrustment in the affirmative defenses and in the counterclaim should be dismissed.

3. Whether plaintiff, individually, as owner of the automobile in which deceased was killed, may be liable for contribution as a joint tortfeasor due to Mrs. Brinks' negligence applied to him through the Michigan Owner's Liability statute. (M.S.A. 9.2101.)

Defendant claims Benjamin Brinks, individually, is liable for contribution as a joint tortfeasor because he was the owner of the car which Mrs. Brinks allegedly drove negligently. Defendant cites the Michigan Owner's Liability statute, M.S.A. 9.2101, C.L.Mich.1948, § 257.401 [P.A.1949, No. 300, § 401], which makes the owner liable for the negligence of anyone whom he allows to drive his car.

Defendant's claims in this regard are simply not authorized by the law of Michigan. In Geib v. Slater, 320 Mich. 316 at 321, 31 N.W.2d 65, at 67 (1948), the Michigan Supreme Court stated:

"Defendant is guilty of no tortious act; he did not participate in the commission of the tort; and his liability arises only by operation of law. He is not a joint tort-feasor, but his statutory liability is based upon the doctrine of respondeat superior."

This rule was cited with approval in Boucher v. Thomsen, 328 Mich. 312, 43 N.W.2d 866, 20 A.L.R.2d 1038 (1950).

"Later in 1957 in Moore v. Palmer, 350 Mich. 363, 86 N.W.2d 585, this language in the Geib case was expressly overruled, and it was decided that the basis of the statutory liability was the police power of the State rather than

the doctrine of respondeat superior. This, however, *in no way makes the owner of an automobile, held because of the statutory liability, a joint tortfeasor.*" Varano v. Express Freight Lines, Inc., 176 F.Supp. 71 (E.D.Wisc. 1959). (Emphasis supplied.)

Thus the rule in Michigan remains that an owner negligent only by reason of the ownership liability statute is not a joint tortfeasor. Defendant's counterclaim for contribution must, therefore, be dismissed.

4. Whether the Estate of Mrs. Gertrude Brinks, mother of the deceased, may be liable to third party plaintiff for contribution as a joint tortfeasor.

The third party complaint for contribution raises different issues, and should be tried separately, should plaintiff prevail in the primary action. To require the jury to consider at the same time the railroad's alleged negligence and the mother's negligence, and possible contribution, would be confusing, since the issues in the primary action and the third party action are different.

Furthermore, a time saving may be effected should the defendant prevail in the primary action, since no trial would then be necessary on the third party action.

Therefore, the court in its discretion orders that the third party complaint for contribution be separated, and decided, if necessary, after the decision of the primary case.

The disposition of the legal issue of contribution by the mother is also necessary before proceeding with the third party complaint. Defendant alleges that if it is found liable to plaintiff, Gertrude Brinks was also negligent and must contribute to the recovery as a joint tortfeasor.

Plaintiff moves to dismiss because parents are immune in Michigan from tort actions by their children, and since the Estate of Steven Brinks could not recover from the Estate of his mother,

neither can Steven's Estate recover indirectly by third party contribution.

A basic problem in analyzing this issue is determining the law of Michigan as to parental immunity. In 1926, the Michigan Supreme Court ruled in Elias v. Collins, 237 Mich. 175, 211 N.W. 88, 52 A.L.R. 1118 that a child cannot sue his parents. Apparently, the Supreme Court has not ruled on the matter since 1926, forty-two years ago. The past few years have brought a definite trend away from all types of family tort immunity. Defendant cites numerous cases and commentaries in this regard.

The Michigan courts have evidenced this trend at all levels. The Michigan Court of Appeals has recently modified the Elias rule in Rodebaugh v. Grand Trunk W. R. Co., 4 Mich.App. 559, 145 N.W.2d 401 (1966). In that case, involving an accident similar to this one and the third party complaint, the Court of Appeals stated at page 567, 145 N.W. 2d at page 405:

"The courts should not leave children remediless for grievous injuries resulting from their parents' wanton acts, but yet should not impose an undue burden on parents, who are dutybound to discipline and control their children. There is no good sense in granting immunity to parents who rape or shoot or maim their children.

\* \* \* \* \* \*

"In view of the decision in Elias v. Collins (1926), 237 Mich. 175, 211 N.W.2d 88, 52 A.L.R. 1118, which held that a minor could not sue his father for injuries resulting from the negligent operation of an automobile, a further distinction must be made. The rule adopted by this Court must retain immunity for ordinary negligence, as do the rules of California (Emery v. Emery, supra [45 Cal.2d 421, 289 P.2d 218]) and New York (Cannon v. Cannon, supra [287 N.Y. 425, 40 N.E.2d 236]).

"Accordingly, this Court rules that unemancipated minors may bring suit against their parents for personal injuries resulting from intentional acts, gross negligence, and wanton and willful misconduct in activities which do not involve an exercise of parental care, discipline, and control. Since the plaintiff's father in this case may be held liable upon proof of his wanton misconduct and upon proof that he was not acting in an exercise of parental care, he may be joined as a third-party defendant as a potentially liable joint tortfeasor."

The Michigan Supreme Court has recently held that interspousal tort immunity does not exist when the reasons for that immunity are eliminated by the death of one of the parties. Mosier v. Carney, 376 Mich. 532, 138 N.W.2d 343 (1965). In Mosier, the estate of a spouse deceased due to alleged negligence of the other (still living) was permitted to sue the spouse still alive. The Court reasoned:

"In this regard, we are in accord with the supreme court of Minnesota which, although acknowledging that interspousal suits are forbidden there, held, in the face of an asserted defense of interspousal tort immunity, that under a wrongful death act similar to Michigan's a suit might be brought against the estate of a husband for damages sustained by the wife. Poepping v. Lindemann (1964), 268 Minn. 30, 127 N.W.2d 512. In concluding that the language of the Minnesota wrongful death act giving an action 'if the decedent might have maintained an action, had he lived' did not bar plaintiff's action, the Minnesota court relied upon and quoted from its earlier decision in Shumway v. Nelson (1961), 259 Minn. 319, 107 N.W.2d 531:

" ' \* \* \* [T]his clause refers to the facts and circumstances giving rise to the cause of action, as well as any facts or circumstances pertaining to any permissible defenses such as contributory negligence, rather than to the person by whom the action could be maintained.

" ' This conclusion is strengthened by the fact that upon the death of one spouse the rationale of the marital-immunity doctrine loses whatever force it might otherwise have had. *Where the marriage has been terminated by death any danger of domestic discord arising from the enforcement of the action has, likewise, terminated.* We do not believe that we should ascribe to the legislature an intent to extend the intrafamily immunity doctrine to situations where its existence is without any reasonable justification.' Emphasis added by Poepping, 127 N.W.2d 512, 515–516."

■ This reasoning is apropos here, since both the son and the mother are deceased. Almost no reason remains for tort immunity. The immunity is a personal one, as the Michigan Court points out, and is not an immunity shared by the estate or the administrator thereof.

Both Elias and Rodebaugh are distinguishable from the instant case because the parties clothed with the personal immunity were alive. Mosier is distinguishable because it dealt with interspousal rather than parental immunity. Thus, there is no state court decision directly on point.

■ It is the duty of this court to determine what the Michigan Supreme Court would do if faced with the case before us. Union Bank & Trust Co. of Mt. Holly, N. J. v. First National Bank, 362 F.2d 311, 314 (5th Cir. 1966).

■ Viewing the trend, and applying the analogous reasoning of Mosier, supra, the latest Michigan case, this court deems it the law of Michigan that the doctrine of parental tort immunity as enunciated in Elias and modified by Rodebaugh does not apply in cases where both the parent and child are deceased as a result of the alleged tortious conduct.

Accordingly, plaintiff's motion to dismiss the third party complaint is denied.

An order may enter in accordance with this opinion.