J-A07016-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DIANE FREEMAN-RHODES, AND CRAIG RHODES, HER HUSBAND | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| AMANDA SWANGER, AN ADULT INDIVIDUAL | |
| Appellee | No. 1173 WDA 2014 |

Appeal from the Order Dated June 17, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 13-017355

BEFORE: BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 17, 2015**

Appellants, Diane Freeman-Rhodes and Craig Rhodes, appeal from the June 17, 2014 order, which granted the motion for judgment on the pleadings filed by Appellee, Amanda Swanger. After careful review, we affirm.

On February 13, 2012, Craig Rhodes was driving a vehicle in which Diane Freeman-Rhodes was a passenger. Appellants' Complaint, 9/20/13, at ¶ 4. While driving on East Pittsburgh-McKeesport Boulevard in Allegheny County, Appellants collided with a vehicle driven by Swanger. *Id.* The trial court provided the following procedural background of the case.

> On February 15, 2013, [Appellants] filed a[n]
> [] arbitration action at AR13-000658 against Amanda
> Swanger as a result of an automobile accident on

February 13, 2012, which automobile accident is also the subject of the instant civil action. In Count I of the arbitration complaint filed at AR13-000658, Craig Rhodes claimed personal injuries. In Count II of the arbitration complaint, Diane Freeman-Rhodes claimed loss of consortium. On April 16, 2013, an Allegheny County arbitration panel awarded Craig Rhodes $2,500.00 for his personal injury claim and $500.00 to Diane Freeman-Rhodes for her consortium claim. The arbitration award was not appealed. On May 23, 2013, [Appellants] entered judgment on the award. [Swanger] asserts that both Craig Rhodes and Diane Freeman-Rhodes were paid on their arbitration award. On May 24, 2013, [Appellants] marked the docket at AR-13000658 as "satisfied[.]"

The instant civil action was filed by [c]omplaint on September 20, 2013. The allegations of [Appellants'] [c]omplaint arise out of the identical automobile accident for which [Appellants] sued Amanda Swanger in the arbitration matter at AR13-000658. Paragraphs 8 and 9 of the instant [c]omplaint assert personal injuries and damages on behalf of Diane Freeman-Rhodes. Count II of the instant [c]omplaint asserts a loss of consortium claim on behalf of Craig Rhodes.

Trial Court Opinion, 7/30/14, a 1-2.[1]

---

[1] The reproduced record contains the trial court opinion of July 30, 2014, as corrected on August 18, 2014. We rely on the July 30, 2014 trial court opinion because the subsequent opinion was not included in the certified record. *See Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) (recognizing an appellate court may not consider documents that are not made part of the record). However, we note the portions of the July 30, 2014 opinion cited to in this memorandum are identical to the subsequent corrected opinion of August 18, 2014, attached to Appellants' brief.

On January 31, 2014, Swanger filed a response to Appellants' complaint and asserted that both Appellants' claims are barred by *res judicata* and that Appellants impermissibly split their causes of action. Swanger's Answer to Appellants' Complaint and New Matter, 1/31/14, at ¶¶ 28-31. On February 28, 2014, Appellants filed a motion for judgment on the pleadings. Appellants' motion averred that an arbitration panel previously found Swanger solely liable for the collision and awarded Appellants damages. Appellants' Motion for Judgment on the Pleadings, 2/28/14, at ¶ 3. Appellants observed that judgment was entered on the award on May 23, 2013, and Swanger did not appeal the arbitration award. *Id.* Therefore, Appellants sought a ruling that Swanger was solely liable for the collision. *Id.* at ¶ 4. Swanger also filed a motion for judgment on the pleadings on May 2, 2014. In her motion, Swanger contended that Appellants have impermissibly split their causes of action and the instant civil action is barred by *res judicata*. Swanger's Motion for Judgment on the Pleadings, 5/2/14, at ¶¶ 14-17. Swanger further asserted that Appellants' claims have been litigated in the previous arbitration action and sought dismissal of the civil action against her. *Id.* at ¶ 18.

The trial court held argument on the motions on June 16, 2014. On June 17, 2014, the trial court, by separate orders, granted Appellants' motion for judgment on the pleadings as to Swanger's liability and granted Swanger's motion for judgment on the pleadings, dismissing both of

J-A07016-15

Appellants' claims. Swanger did not appeal the order granting Appellants' motion for judgment on the pleadings.[2] Appellants filed a motion for reconsideration on July 11, 2014, asking the trial court to vacate its prior order, which dismissed Appellants' claims. Appellants' Motion for Reconsideration, 7/11/14, at 3 (unnumbered). The trial court did not rule on Appellants' motion for reconsideration. On July 15, 2014, Appellants timely appealed.[3]

On appeal, Appellant raises the following issues for our review.

> I. Whether the court below committed [an] error of law in its [o]rder of June 1[7], 2014 which granted

_____

[2] On August 22, 2014, Appellants filed a motion to quash/vacate the order on appeal with this Court because Swanger failed to appeal the order finding her liable for the collision. Appellants' Motion to Quash/Vacate, 8/22/14, at ¶ 8. Therefore, Appellants argue, Swanger cannot argue that the order subject to the instant appeal should be affirmed without challenging the validity of the order which found her liable for the collision. *Id.* However, "a party adversely affected by earlier rulings in a case is *not required* to file a protective cross-appeal if that same party ultimately wins a judgment in its favor; the winner is not an 'aggrieved party.'" **Basile v. H & R Block, Inc.**, 973 A.2d 417, 421 (Pa. 2009) (citation omitted, italics in original). Accordingly, we deny Appellants' motion.

[3] We observe that the filing of a motion to reconsider does not toll the period of time in which Appellants were required to file their appeal. **See M.O. v. J.T.R.**, 85 A.3d 1058, 1060 n.1 (Pa. Super. 2014) (noting, "if the trial court does not grant the motion for reconsideration before the expiration of the thirty days in which the litigant can file a notice of appeal, the litigant will lose the right to appeal[]").

Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

- 4 -

[Swanger's] [m]otion for [j]udgment [o]n [t]he pleadings on grounds that both []Appellants had violated the rule against splitting causes of action embodied in Pa.R.C.P. 1020(d) because it adopted an unreasonable construction of the phrase "cause of action" in the context of Pa.R.C.P. 1020(d) and failed to recognize that the derivative loss of consortium claims arose from the marital relationship of []Appellants and not out of the accident in which they and [Swanger] were involved[?]

II. Whether the court below committed [an] error of law in its [o]rder of June 1[7], 2014 which granted [Swanger's] [m]otion for [j]udgment on the [p]leadings on the grounds that both []Appellants had violated the rule against splitting causes of action embodied in Pa.R.C.P. 1020(d) because it failed to reconcile the language of Pa.R.C.P. 2228(a), which required that the derivative loss of consortium claim of Diane Freeman-Rhodes had to be joined in the prior action or be forfeited under Pa.R.C.P. 2232(a) and the provisions of Local Rule 1301 of Allegheny County that Craig Rhodes claims had to be heard before a [b]oard of [a]rbitrators, with the provisions of Pa.R.C.P. 1020(d)[?]

Appellants' Brief at 2.

When considering the grant of a motion for judgment on the pleadings, we adhere to the following standard of review.

> Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there is no disputed issues of fact[,] and the moving party is entitled to judgment as a matter of law.

- 5 -

Appellate review of an order granting a motion for judgment on the pleadings is plenary. The appellate court will apply the same standard employed by the trial court. A trial court must confine its consideration to the pleadings and relevant documents. The court must accept as true all well pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted.

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

*Sw. Energy Prod. Co. v. Forest Res., LLC.*, 83 A.3d 177, 185 (Pa. Super. 2013) (citation omitted), *appeal denied*, 96 A.3d 1029 (Pa. 2014).

In their first issue, Appellants claim the trial court failed to "grasp [] what the phrase 'cause of action' means in the context of Pa.R.C.P. 1020 …." Appellants' Brief at 8. Therefore, Appellants argue, "the [trial] court … erroneous[ly] determin[ed] that the cause of action of Diane Freeman-Rhodes for personal injuries in this case against [] Swanger was barred by operation of … Pa.R.C.P. 1020(d) … and that [Rhodes'] cause of action for loss of consortium in this case was likewise barred …." **Id.** Specifically, Appellants argue, "the claims of a husband and wife are separate and distinct" and "[] the derivative consortium claims did not arise from the accident at issue but rather from their marital relationship." **Id.** at 10-11.

For the following reasons, we conclude Appellants are not entitled to relief on this issue.[4]

Rule 1020(d) provides as follows.

> **Rule 1020.  Pleading More Than One Cause of Action.  Alternative Pleading.  Failure to Join.  Bar**
>
> …
>
> (d) If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including causes of action in the alternative against any such person.  Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.

Pa.R.C.P. 1020(d).  In interpreting Rule 1020(d), we note that it should "be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which it is applicable."  *Hineline v. Stroudsburg Elec. Supply Co., Inc*., 586 A.2d 455, 456 (Pa. Super. 1991).  Further, "[t]he purpose of Rule 1020(d) is to avoid a multiplicity of

---

[4] We observe that Appellants' argument rests heavily on *Gulak v. Yu*, 295 F. Supp. 1322 (E.D. Pa. 1969), and Appellants urge this Court to adopt its reasoning.  However, "federal court decisions do not control the determinations of the Superior Court.  Our law clearly states that, absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on Pennsylvania state courts[.]" *NASDAQ OMX PHLX, Inc. v. PennMont Sec.*, 52 A.3d 296, 303 (Pa. Super. 2012) (citation omitted).  Moreover, the *Gulak* Court specifically commented that the disposition of the case was "a by-product of the dual system of state and federal courts[.]" *Gulak*, *supra* at 1328.  Therefore, *Gulak* is inapposite to the case before this Court.

suits, thereby ensuring the prompt disposition of all rights and liabilities in a single action." *Id.* Rule 1020(d) is also intended to "prevent the imposition of a heavy burden on defendants and the judicial system to defend multiple suits arising from the same occurrence." *Id.* at 459.

In its opinion pursuant to Rule 1925(a), the trial court observed "[t]he allegations of [Appellants'] [c]omplaint arise out of the **identical** automobile accident for which [Appellants] sued Amanda Swanger in the arbitration matter at AR13-000658." Trial Court Opinion, 7/30/14, at 2 (emphasis added). Permitting Appellants to pursue additional damages, based on the occurrence for which they were both awarded compensation in the arbitration matter, would impose a heavy burden on Swanger and the judicial system to defend multiple suits arising from the same occurrence. *See Hineline*, *supra* at 456. Thus, we conclude the trial court's ruling was consistent with the interpretation of Rule 1020(d) and ensured the prompt disposition of all rights and liabilities in a single action. *See id.*

In their second issue, Appellants present a related, yet distinct, argument. Appellants contend that Rule 1020(d) does not bar the instant case because Appellants were required to bring the claims based on Craig Rhodes' injuries and Diane Rhodes' loss of consortium to a board of arbitrators pursuant to Local Rule 1301 of Allegheny County and Pa.R.C.P. 2228(a). *Id.* at 13. Allegheny Local Rule provides, in relevant part, as follows.

**Rule 1301. Scope**

**(1)** The following civil actions shall first be submitted to and heard by a Board of Arbitrators:

(a) Civil actions, proceedings and appeals or issues therein where the demand is for $35,000 or less (exclusive of interest and costs);

…

Allegheny Cty.Civ.Fam.R. 1301(1)(a).  Rule 2228(a) provides as follows.

**Rule 2228.  Joinder of Related Plaintiffs**

(a) If an injury, not resulting in death, is inflicted upon the person of a husband or a wife, and causes of action therefor accrue to both, they shall be enforced in one action brought by the husband and the wife.

…

Pa.R.C.P. 2228(a).

There is no dispute that Rule 2228 requires that the spouse of an injured party bring his or her claim for loss of consortium in the same action as the claim brought by the injured spouse.  ***See*** Appellants' Brief at 13; Swanger's Brief at 8; ***accord*** Pa.R.C.P. 2228(a).  Further, by local rule, parties to claims of less than $35,000.00 must submit their claims to arbitration. Allegheny Cty.Civ.Fam.R. 1301(1)(a).  Appellants acknowledge they were required to join Freeman-Rhodes' claim of loss of consortium with Rhodes' claim of injury pursuant to Pa.R.C.P. 2228(a), and because the combined claims were less than $35,000, Allegheny Local Rule 1301 required this action be decided by a board of arbitrators.  Appellants' Brief at

15. Appellants contend, however, that because Freeman-Rhodes' claim for her own, personal injuries was in excess of $35,000, they could not enforce this claim in arbitration, and they should not be prohibited from bringing this claim to the trial court. *Id.* For the following reasons, we conclude Appellants are not entitled to relief.

"*Res judicata*, which is also known as claim preclusion, holds that a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies." **Rearick v. Elderton State Bank**, 97 A.3d 374, 380 (Pa. Super. 2014) (citation omitted). In applying the doctrine of *res judicata*, "the essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the parties had **an opportunity** to appear and assert their rights." **Clark v. Pfizer Inc.**, 990 A.2d 17, 31 (Pa. Super. 2010) (citation omitted, emphasis added), *appeal denied*, 13 A.3d 473 (Pa. 2010). "*Res judicata* bars not only the claims that were disposed of via the original judgment, but also those claims that were based upon the **same set of facts and could have been asserted in the original proceedings**." **Id.** (citation omitted, italics and emphasis added). We highlight, "[t]he courts of this Commonwealth have long adhered to the generally accepted view disfavoring the splitting of claims." **Id.** (citation omitted).

The trial court addressed Appellants' argument as follows.

> [Appellants] first observe Pa.R.C.P. 2228(a) requires compulsory joinder of any derivative consortium claim with the claim of an injured spouse. This is an accurate statement. However, Pa.R.C.P. 2228(a) in no way prohibited Diane Freeman-Rhodes from bringing her own personal injury claims within the prior arbitration action. [Appellants] appear to contend that because Diane Freeman-Rhodes claim[] is in excess of the compulsory arbitration limits in Allegheny County, she was not able to do so. Of course, had she asserted her claim then, that would have simply caused the removal of the entire prior matter from the arbitration realm and into the [c]ourt of [c]ommon [p]leas. In short, there was no prohibition preventing Diane Freeman-Rhodes from asserting a personal injury claim at the same time she asserted her loss of consortium claim arising out of the same automobile accident.

Trial Court Opinion, 7/30/14, at 3.

We agree with the trial court's analysis. While Appellants correctly summarize what Rule 2228(a) requires in terms of joining a claim for loss of consortium with a spouse's claim of injury, they misconstrue it to mean that Freeman-Rhodes was somehow prohibited from bringing her injury claim at the same time as Rhodes' injury claim. **See** Appellants' Brief at 15. Moreover, permitting Freeman-Rhodes' claim to proceed would promote a multiplicity of suits regarding the same occurrence, violating the spirit of Rule 1020(d). **See Hineline**, **supra**.

Therefore, we conclude that the trial court correctly considered and applied Rules 1020(d) and 2228(a) in finding that our rules of procedure required Appellants to bring all their claims arising from this occurrence at one time. **See** Trial Court Opinion, 7/30/14, at 3-4; Pa.R.C.P. 1020(d);

Pa.R.C.P. 2228(a). Freeman-Rhodes had the opportunity to appear and assert her claim for personal injury at the same time she brought her loss of consortium claim resulting from Rhodes' personal injury claim. A final judgment was rendered on Rhodes' claim and Freeman-Rhodes' loss of consortium claim, which found Swanger liable for the accident and resultant injuries. Because Freeman-Rhodes elected not to bring her personal injury claim, that was based on the same set of facts as the claims settled by arbitration, when she had opportunity to present it, *res judicata* bars her claim in the instant action as well as Rhodes' derivative claim for loss of consortium. ***See Rearick***, ***supra***; ***Clark***, ***supra***.

Based on the foregoing discussion, we conclude the trial court correctly entered judgment on the pleadings in favor of Swanger, as she is entitled to judgment as a matter of law. ***See Sw. Energy Prod. Co.***, ***supra***. Accordingly, we affirm the June 17, 2014 order.

Motion to quash/vacate denied. Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/17/2015</u>